IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTIE S. STROUSS                                                                    PLAINTIFF

V.                                              NO. 11-2233

MICHAEL ASTRUE,
Commissioner of the Social Security Administration                  DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Mattie S. Strouss, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for SSI on July 24, 2009, alleging an inability to work since February 15, 2007, due to "Disease of internal organs; loss of bladder control." (Tr. 126, 130). An administrative hearing was held on June 28, 2010, at which Plaintiff appeared with counsel, and she, a medical expert, and a vocational expert (VE) testified. (Tr. 25-59).

By written decision dated November 5, 2010, the ALJ found that during the relevant time

period (the date of Plaintiff's application, July 24, 2009, until the date of the ALJ's decision, November 5, 2010) Plaintiff had an impairment or combination of impairments that were severe - gastritis and hiatal hernia. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 416.967(c) except she must avoid work in extreme heat and cannot climb ladders, ropes, or scaffolds or work around moving machinery.

(Tr. 16). With the help of a VE, the ALJ determined Plaintiff could perform work as a deli counter worker/sandwich maker; food service worker/hospital; or child care attendant/school. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 28, 2011. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Subsequent to the hearing before the ALJ but before his decision, Plaintiff began seeing a new primary care physician, Dr. Jeffrey Hamby, because she believed she was not getting better with her old primary care physician, Dr. Suh Norbert Niba. On October 4, 2010, when Plaintiff presented herself to Dr. Hamby, he reported that he would order a colonoscopy and mammogram and labs for future visits due to lack of insurance, and assessed Plaintiff with the following:

1. Chest Pain NOS
2. Hypertensive crisis
3. Hypertension
4. COPD
5. Abdominal pain, right upper quadrant
6. Edema
7. Fatigue and Malaise
8. Headache
9. Urinary incontinence, functional

(Tr. 534-535). The Appeals Council considered this evidence and found that it did not provide a basis for changing the ALJ's decision. (Tr. 1-2).

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to

-4-

decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).  However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence

The ALJ stated in his decision that Plaintiff's past non-compliance to medical recommendations for additional diagnostic testing was inconsistent with allegations of severe and disabling symptoms, but failed to also note that Plaintiff indicated she was not insured and could not afford such testing. (Tr. 17).  He also stated that Plaintiff's irritable bowel syndrome and recurrent, acute diverticulitis appeared to have "been effectively treated with conservative measures including medications and a high fiber diet."  (Tr. 17).  However, at the hearing, Plaintiff testified that she stayed in and out of the bathroom and there was no way she could go 30 minutes without going to the bathroom.  (Tr. 47).  She stated that she was either constipated or had diarrhea, and that she would get severe diarrhea from diverticulitis and start dehydrating. (Tr. 47).  The Court therefore questions whether Plaintiff's irritable bowel syndrome and acute diverticulitis were effectively treated with conservative measures.

Plaintiff also testified that her blood pressure would go up every day because of the pain she experienced.  Plaintiff suffered from hypertension as early as 2005, and "hypertensive crisis"

was one of the assessments Dr. Hamby gave on October 4, 2010. (Tr. 447, 535). The ALJ failed to discuss Plaintiff's blood pressure in his decision.

The Court believes that had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence.

It is also worth noting that Plaintiff also experienced problems with her vision, and on November 11, 2009, presented herself to Bodiford Eye Institute, complaining of blurry vision and itch and floaters. (Tr. 352). At that visit, it was reported that "cat ext" was discussed and a decision for surgery was made. (Tr. 352). The next record from Bodiford Eye Institute is dated February 26, 2010, and recites the same language. (Tr. 351). However, in this record, it is reported that Plaintiff presented herself "post op." (Tr. 351). Another record from Bodiford Eye Institute dated March 5, 2010, indicates it is a "Post op" visit. (Tr. 350). The last record from Bodiford Eye Institute is dated April 2, 2010, and indicates the patient complained of "OD sore: f/u 1 mo. Rx." (Tr. 349). The Court believes the record needs to be more fully developed regarding Plaintiff's vision issues.

### III. Conclusion:

In summary, the Court believes this matter should be remanded in order for the ALJ to consider the additional evidence that was presented to the Appeals Council, and to more fully develop the record regarding Plaintiff's irritable bowel syndrome, diverticulitis, blood pressure and vision, by obtaining a Physical RFC Assessment from an examining physician. The ALJ should then re-evaluate Plaintiff's RFC assessment, in light of the new RFC assessment. For the reasons stated herein, the Court remands this case to the Commissioner for further proceedings

consistent with the opinion, pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 26th day of November, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-7-

**AO72A**
**(Rev. 8/82)**