IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTIE S. STROUSS                                                      PLAINTIFF

V.                              NO. 11-2233

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration           DEFENDANT

**O R D E R**

Plaintiff, Mattie S. Strouss, appealed the Commissioner's denial of benefits to this Court. On November 26, 2012, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc. 17). Plaintiff now moves for an award of $4,128.70 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 22.55 attorney hours of work performed before the Court in 2011 and 2012, at an hourly rate of $174.00, and 4.10 paralegal hours of work performed before the Court in 2011 and 2012 at an hourly rate of $50.00. Defendant has filed a response, stating that he does not oppose the requested hourly rate sought or the number of hours sought. (Doc. 20).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $174.00 for 22.55 hours of attorney work, and an hourly rate of $50.00 for 4.10 hours of paralegal work, which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff failed to submit a CPI Index to his motion. However, the Court finds that the CPI -South index supports an award based upon an hourly rate of $174.00 .[2] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent

---

[2] Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The Court finds that the CPI -South index supports an award based upon an hourly rate of $152.00. See Johnson, 919 F.2d at 505. Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2010 - 211.338 x 125 divided by 152.4 (March 1996 CPI-South)= $173.34/hour - $173.00
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South)= $174.28/hour - $174.00
2012 - 219.469  x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00

-3-

AO72A
(Rev. 8/82)

in this matter.

Plaintiff's counsel seeks reimbursement for the following tasks:

| | | |
|---|---|---|
| 12/21/2011 | Attorney review of ECF re summonses issued. | .10 |
| 1/4/2012 | Attorney receipt and review of signed service of U.S. Attorney received and General Counsel from U.S. Postal Service | .20 |
| 1/5/2012 | Attorney receipt and review of signed service of Astrue | .10 |
| 1/9/2012 | Attorney receipt and review of signed service of Holder | .10 |

These tasks are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court therefore will deduct .50 hours from the attorney hours.

Plaintiff's counsel also seeks reimbursement for 1 hour of paralegal work for preparation of Service of Process for Astrue, Holder, Eldridge and General Counsel. This time cannot be compensated under the EAJA as it is found to be clerical work. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). Accordingly, the Court deducts 1 paralegal hour from the total number of

compensable hours sought.

Plaintiff's counsel seeks .75 hours of attorney work for "Attorney phone conference with client." Plaintiff's counsel has failed to indicate the subject of the conversations with Plaintiff, and the Court will therefore deduct .75 hours from the attorney hours. The Court notes that it is allowing the time spent on telephone conferences where Plaintiff's counsel indicated the subject of the conversation, for example, .30 hours for "Attorney telephone conference with client re *in forma pauperis*" and "Attorney phone conference with client regarding case."

Plaintiff's counsel seeks 2.50 hours for "Attorney preparation of Plaintiff's Motion and Brief for Award of Attorney Fees pursuant to the Equal Access to Justice Act (EAJA) with Exhibits." The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court will therefore deduct 1.50 hours of attorney work.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 19.8 attorney hours in 2011 and 2012 (22.15 hours less 3.47 hours) at an hourly rate of $174.00, and for 3.10 paralegal hours in 2011 and 2012 ( 4.10 hours less 1 hour) at an hourly rate of $50.00, for a total attorney's fee award of $3,600.20. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account

at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 14th day of March, 2013.

                                            */s/ Erin L. Setser*
                                        HONORABLE ERIN L. SETSER
                                        UNITED STATES MAGISTRATE JUDGE